Good morning, Mayor, Police, the Clerk, and Council. My name is Leonard Brumman, and I represent the Plaintiff Appellant, Roberta Miller, in this action that I believe is a case of first impression and abuse of discretion in denying attorney's fees in an FRCT 68 off-farm judgment in a case involving excessive force in the City of Portland. I believe that this case potentially sets a dangerous precedent if it is allowed to stand by the Ninth Circuit, shoring the rights of litigants and their counsel from bringing 1983 cases and being able to negotiate settlements that contemplate an award and a reasonable attorney's fees per an offer of judgment. And this case is differentiated from the Farrar case in that there's an argument that there was a technical prevailing party, but because the jury awarded $0 and the court instituted a $1 nominal damage to this, and secondly, there was a technical prevailing party, here we are dealing with a case that does not seem to have any other precedent where the parties negotiated a settlement. The defendant, the City of Portland, contemplated paying reasonable attorney's fees, and he would contend that the court abused his discretion when it gave $0 attorney's fees to the Plaintiff Appellant, that $0 is not a reasonable attorney's fee. Counsel, wasn't that determination expressly left to discretion of the court in the agreement? Absolutely, Your Honor. It was absolutely in the discretion of the court, but the court did not ever consider $1 of the fee position. The court vitiated any entitlement whatsoever, and presumably reasonable attorney's fees involve a scrutiny of what is billed and what is reasonable, and then some portion thereof or the entirety is awarded. None was considered in this case, and it was determined that it was entirely not meriting an award of a single dollar, Your Honor. Counsel, if I could ask a question. If there was a, under the consent judgment, a recovery of $1,000, what, in your opinion, would a reasonable attorney's fee have been in this case? Your Honor, the, first of all, the $1,000 recovered from my client who happens to be homeless, and she, that amount, $1,000 today, was a phenomenal amount in other cases. Counsel, but you haven't answered my question. Your Honor. I'm asking you, what would, in your view, what would be a reasonable, what would a reasonable attorney's fee have been? Well, Your Honor, the plaintiff appellant billed $16,000 for 50 hours of work, and some reasonable proportion of that amount would be a reasonable attorney's fee, Your Honor. What number? What number? What number? $12,000, Your Honor. That's also for the record that the city attorney offers to pay plaintiff appellant Roberta Miller $5,001 inclusive of attorney's fees, which under the fee agreement would have been $2,000 to the attorney and $3,001 to her, and she opted to, with reasonable counsel, to go and take the $1,000 and bill for the attorney's fees separately. My argument is, Your Honor, that this is, the court has done a docious interference with a business contract because the parties essentially have stipulated to a liability an amount to be determined by the court, and it is not reasonable attorney's fees are typically not $0. The magistrate judge Acosta analyzed this in the 1988 case, and in making that analysis, he assumed, I think he got this from the case file there, in deciding what a reasonable attorney's fee is, after deciding that it could well be $0, and nobody did. No, Your Honor, he did, and we believe that was the case. Well, first of all, do you think $0 is within the range of a reasonable attorney's fees? No, Your Honor, I do not. Why not? That would be at least $1. Your Honor, I believe that the only grounds that would be reasonable to officiate the contract is if there was, I'm not officiating the contract, you're interpreting the contract as, in other words, the term reasonable attorney's fees includes $0. I understand, Your Honor, but I would offer that if the court found that there was not fair bargaining power by covenant counsel for plaintiff and defendant, or there was fraud, it's not a matter of bargaining power. It's a matter of, you know, as the man just predicted, he looked at the case. He looked at all the claims that were made. He looked at the results obtained. He looked at, you know, the brands of things, right? So, you know, again, it's a matter of covenant counsel not having, you know, done what he should have done. But, Your Honor, the cases cited involve many cases where there are nominal or should I say diminished awards and tremendous large amounts of attorney's fees. There are often $10,000 attorney, I'm sorry, plaintiff awards and attorney bills fenders of thousands of dollars for work to get that award, and the courts grant that, and that is not proportional to the recovery, but it shows that the section 1988 is there to protect civil litigants from the state and the government violating their rights and not having right to counsel. If the contract said $1,000 plus reasonable attorney fees, if any, implying in the contract that she could get $0 in reasonable attorney's fees, and she's informed of that, then she is party to a contract where she's aware of that the terms could be $0. Based on face law, there's no precedent whereby the parties basically stipulated through some attorney's fees what amount to be determined by the court and not $0. Nowhere does it suggest. Some attorney's fees would be awarded. They just stipulated to reasonable attorney's fees as determined by the court. Absolutely. And you're trying to make the argument that that means that the court had to award some amount of attorney's fees. Reasonable, yes, Your Honor, reasonable attorney's fees. Do you have a case that supports your argument that it's a piece of discretion for the district court to decline to award any fees after looking at all of the relevant factors? Your Honor, it states in the case law here that. Give me a particular case citation that you're relying upon to support the proposition that it's discretion. In Bill of Rights 42L3 and 554, it states generally, quote, unquote, discretionary discretion to deny fees under 1988. It's very narrow. And the award should be the rule rather than the exception. Harrington v. County of Sonoma 88302nd 739-743. But you say generally. So that means that the court has the discretion to depart from that general rule. And in this case, for the reasons articulated by the magistrate judge, the district court decided to deviate from the rule. How can you say that's an abuse of discretion? Because the basis, it states in the court, says that this was a technical prevailing party. This is not a technical prevailing party, as in Farrer. By relying on Farrer, when the jury gave $0 and the court instituted $1, that is a technical prevailing party. Here, the city acknowledged the liability sufficient to give $1,000 plus attorney's fees. So that is not a technical prevailing party. The amount of damages was initially sought by the client. It was a much higher amount. Regardless of that. What's the number? I believe it was $1 million. All right. So you asked for $1 million, and it was settled for $1,000. It doesn't support the determination that this was kind of a nuisance value award? No, Your Honor. Your Honor, this reflects the fact that the city knew there was some liability. If they had decided that there was no liability, that he would have taken it to trial and offered $0, I'd like to reserve a minute in rebuttal, Your Honor. Before you do, the city expressly disclaimed any liability in the settlement. That was signed by both parties, right? That is standard, Your Honor. But the implication is that there is liability. Thank you. Thank you. Please stand, Your Honor. It pleads the court to Yvonne Yang, hearing from the city, that the court did not abuse its discretion when it denied Plano's request for attorney fees in this case. As the court explained, Plano's accepted only a de minimis offer of judgment. She immediately commenced litigation. She did not prevail on the merits of any legal issue. And as the court explained, for diverse reasons, litigation did not bring any substantial benefit to either herself or the public. And for those reasons, Mr. Court did not abuse its discretion in denying an award of attorney's fees. The question being, what did the court view as the issue before? If you go by the words of the offer, the offer included $1,000 plus reasonable attorney's fees, right? That is correct, Your Honor. How is that? In contractual terms, how is that supposed to be interpreted as reasonable attorney's fees? In other words, what the district court, what the district judge really did is not determine what the reasonable attorney's fees is, but really whether or not the plaintiff was entitled to any attorney's fees at all, which is really an entitlement question. It's not a middle-of-the-road question. Well, I understand Your Honor's point, but not really. I would point out that the offer of judgment, as Your Honor pointed out, was for a $1,000 judgment against the city with the three individual defendants being dismissed, plus any reasonable attorney's fees to be determined by the court. And so that provision is to be interpreted in the light of the case law on reasonable attorney's fees to be determined by the court. I don't think it's the problem I'm having. I think any other case would be decided for that. Your Honor, the case involving the construction of the term reasonable attorney's fees under Rule 68. Is that a Rule 68 case? Well, I would refer this court to, for our decision, to the Morales case. Now, those did not fall off. Was that a 1988 case? I believe the Morales case was a 1988 case. Rule 68 case? I do not believe so, Your Honor. But what I was referring to is determining, you know, one, whether the parties can file attorney's fees under 1988. It's a different question from determining what a reasonable attorney's fee, the amount of reasonable attorney's fees under Rule 68. Well, let's hear what the judge says. Well, and I understand Your Honor's question, but it's really intertwined because what the case law, especially in the Farrar case, stands for, as the court stated in that case, quote, when a plaintiff recovers only nominal damages, consider that the only reasonable attorney's fee is usually no fee at all. So there is case law that states that in some circumstances it is reasonable to award a fee of essentially zero dollars. So the two are being intertwined. Counsel, do you have a case that denominates an award of $1,000, a nominal award? Aren't those generally $1 or less? That's usually the case, but there are cases where large awards have been held to be nominal damages. Let me ask you about this case. This court's proposition that an award in the approximate sum of $1,000 would be considered nominal damages. Well, the closest one is actually an unpublished decision by this court's less promised case. But do you have a published decision? So the published decision, the closest one being Cummings' case, Cummings, I'm sorry, 402 F. 3rd at pages 942 to 45. And that was a case in which this court held that $37,000 in damages in a class action because there were, I think it was 37,000 members of the class because it would be divided to essentially $1 per person, was nominal damages. That was the issue. It still equates to $1 per person. That is correct, Your Honor. It's just $1,000 per person. So do you have a case that's close to the facts we have here that would denominate that amount as nominal damages? I do not have an outlook on the Westbrook's case, which involves $605 of nominal damages, but that's an unpublished decision by this court, so I do want to highlight that. The closest published decision other than the Cummings case that involves $37,000 is the Morales case, 96 F. 3rd, 363. In that case, in dicta, this court explained that under Farrar, the district court has discretion to deny fees to a prevailing party who achieves only technical success. This morning's lady asked if she had the discretion to deny fees. But here, the city agreed already to pay a reasonable Chinese fee, so it seems to me the question that we're really in trouble with the female about whether or not it can be denied. Well, and I understand Your Honor's point, but under the Farrar decision, the two are intertwined because, as Farrar explains, sometimes a reasonable attorney fee can be zero, and that's what the court did in this case is look at the totality of circumstances and its discretion in the trial court to determine that an attorney fee of order of zero essentially was denied. Actually, I think it was a case where there has been an award of other than nominal damages where a complete denial of an attorney's fees has been brought. That is correct, Your Honor. I mean, I would refer to you less for us again, an unpopular decision, and I apologize. Yes, no. At least with me. And I understand. So I would point this court to the dicta in Morales where this court explained that the nominal damages, quote, are not limited to an award of $1. And this court went on, nominal damages include any award, quote, that may properly be classified as de minimis, and that's also in the context of the case. And so, again, because this is an abuse of discretion standard, the issue is whether under the totality of the circumstances, given the nature of the allegations, the amount of damages sought, the conduct of litigation, whether in context an award can properly be classified as de minimis. That's what de minimis stands for. So certainly whether the damages were nominal. Now, so, Judge Gold, if I can interject a question, please. Yes, sir. I understand your argument being that in the context of a case where the word damages of $1 million sought, that we can view the $1,000 as de minimis, and then there's precedent saying you can give $0 at 20 feet for de minimis. But I guess my question is this. Given that there's no clear precedent that's been cited to us saying that the $1,000 award can be de minimis, I was trying to understand the practical impacts here. So one impact that concerns me is, and maybe it's neither here nor there, but that if we say this has to go back for a determination on fees, which could be small, it has to be something, what happens on the fees on appeal? Is the plaintiff entitled to ask for another $15,000 for the appeal fees? That would be my understanding, Your Honor. On the de minimis issue, again, I think the morales decision by this Court is instructive because in that case the plaintiff was entitled to around $37,000, and the District Court had held that because the demand of the complaint was so much higher than 37,000 dollars, that was in context their de minimis award. And in reversing that determination, this Court explained that a de minimis award doesn't need to be $1, but in context it looked at those $37,000 and said that wasn't really a de minimis award, even though it was substantially less than what the plaintiff had sought. So what morales stands for is that it is, again, is an abuse of discretion standard. Under the totality of the circumstances, it is an abuse of discretion for the District Court to conclude that in context a $1,000 offer of judgment is a technical success, to use the words of morales, or otherwise a nominal or de minimis award in context. And here the District Court did not abuse its discretion in making that determination. And for that reason, this Court should affirm the judgment of the District Court. Unless this Court has more questions, I would ask this Court to affirm the judgment of the Court. Thank you. Thank you. Thank you, Your Honor. I just want to reiterate that in Farrar, the Farrar case does not prohibit fee awards for plaintiffs who receive nominal damages, citing Wilcox versus Reno. And in Morales, the Court did not deem the received damages to be the nominal. Bomberg versus Nichols 48 F-3rd 453, each plaintiff awarded $1 after seeking $2 million in general punitives. In Farrar versus San Diego 25 F-3rd 804 1994, plaintiff did not procure relief. Wilcox versus Rayhead, each plaintiff awarded $1 in nominal damages. And I would ask the Court to take judicial notice. Many cases are pled for millions of dollars. There was a recent one against DHS asking for 66 million, and they settled for 3.5 million for two victims, and I'm pretty sure they got attorney's fees in that case. Settling for 3.5 million is a far cry from settling for $1,000. I want to ask you, what's your response to opposing counsel's reliance on the language in Morales that nominal damages may include an award that's de minimis? What's your response to that argument? I'm not understanding your question, Your Honor. So, opposing counsel pointed us to language in Morales that said, nominal damages are not limited to an award of the amount of $1, but includes an award that may properly be classified as de minimis. And his argument is, in the context of this case, the award of $1,000 was de minimis. What's your response to that? I would say, Your Honor, for the plaintiff who was homeless and for whom the case facts did not materialize, the $1,000 was definitely not a de minimis award for her, and she also contemplated attorney's fees above and beyond that. She was offered $5,001 and turned that down, and so that it was not in any way a de minimis amount. And as a court, the court has acknowledged all the case law refers to nominal de minimis as $1. This is $1,000 times that $1 nominal figure. So we're not talking $5 versus $1 or $10. We're talking $1,000, and that should not be grouped under a sense of very dangerous precedent. And other cases have allowed nominal damages to get attorney's fees, and this case should not deviate based on the circumstances and the facts, and a sense of very dangerous precedent for future litigants, seeking regress in the courts. How are you? What's your response to the question I asked your friend on the other side as to whether if we send this back for an amount of some fees to be determined, if the state, or city is then on the hook for your fees on the appeal? And what's the range of what would be a reasonable fee for that? For the appeal in addition to the additional amount? Right. Perhaps a $10,000, Your Honor? Additional amount? Because you're talking about a taxpayer attorney's fees of $30,000. Your Honor. In the case that was settled for $1,000 million claim. Your Honor, we billed for $16,000, so I would say something in the range of $25,000 would be reasonable for the appeal and the underlying case court. Okay. Thank you. Thank you, Your Honor. Thank you to both counsel. The case just argued is submitted for decision by the court.
judges: Tashima, Gould, Rawlinson